IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 14-cv-02156-WYD
Criminal Action No. 12-cr-00520-WYD-1

UNITED STATES OF AMERICA,

v.

1. GERMAN ANTONIO OCAMPO-GUTIERREZ,

   Movant.

## ORDER DIRECTING MOVANT TO FILE AMENDED 28 U.S.C. § 2255 MOTION

Movant, German Antonio Ocampo-Gutierrez, currently is incarcerated at the Eden Detention Center in Eden, Texas. On July 21, 2014, Movant filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Texas, Brownsville Division. On August 14, 2014, the United States District Court for the Southern District of Texas determined that Movant challenges the nature of his 2012 sentence by the United States District Court for Colorado and ordered the action transferred to the United States District Court for the District of Colorado.

The Court must construe the motion to vacate liberally because Movant is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Movant will be directed to file an amended § 2255 motion to vacate.

In 1986, Movant was convicted in the Southern District of Texas and sentenced to 15 years of incarceration. After two months of incarceration, Movant left the Federal Prison Camp in Florence, Colorado and returned to Mexico. *See U.S. v. Ocampo-Guiterrz,* 540 Fed. Appx. 863 (10th Cir. 2013). In November 2012, Movant was caught re-entering the United States and was indicted for escape in the United States District Court for Colorado. *Id.* He was sentenced to 18 months of incarceration, to be served consecutive to the remainder of his 1986 sentence. *Id.*

Movant's § 2255 motion seeks a reduction in sentence. Citing 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c) as his authorities, Movant asks the Court to modify and reduce his sentence by making the 18-month sentence concurrent to his 15-year sentence upon consideration of the United States Sentencing Guidelines, § 5H1.1 (age) and § 5H1.4 (physical condition).

Movant has failed to use the court-approved form for filing a 28 U.S.C. § 2255 motion. In addition, Movant fails to assert any claims on the form he used, instead attaching a brief in support of his § 2255 motion that fails to make clear the exact claim or claims he is asserting.

Pursuant to Rules 2(b)(1) and 2(b)(2) of the Rules Governing Section 2255 Cases in the United States District Courts, Movant must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (discussing identical rules applicable to 28 U.S.C. § 2254 applications). Naked allegations of

constitutional violations are not cognizable.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Therefore, Movant will be ordered to file an amended motion to vacate.  In the amended motion, he must allege, clearly and concisely, the specific claims for relief he is asserting, as well as the specific facts that support each asserted claim, if he wishes to pursue his claims in this action.  Accordingly, it is

ORDERED that Movant, German Antonio Ocampo-Guiterrez, file with the court **within thirty days from the date of this order** an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that complies with the directives of this order.  It is

FURTHER ORDERED that the clerk of the court mail to Movant, together with a copy of this order, two copies of the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and the instructions for filing this motion.  It is

FURTHER ORDERED that if Movant fails within the time allowed to file an amended motion to vacate that complies with the directives of this order, the motion to vacate will be denied and the action will be dismissed without further notice.

Dated:  August 28, 2014.

BY THE COURT:


/s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE